UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMY BRAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 18-CV-0294-CVE-JFJ ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is plaintiff's motion to dismiss (Dkt. # 15) her claims with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Plaintiff filed this action on June 4, 2018, alleging that defendant violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. Dkt. # 2. Defendant filed an answer on July 3, 2018. Dkt. # 7. On September 11, 2018, the Court issued a scheduling order, inter alia, setting a discovery cutoff of December 13, 2018, a dispositive motion deadline of January 17, 2019, and the jury trial for March 18, 2019. Dkt. # 12. On November 28, 2018, plaintiff filed a motion to voluntarily dismiss her claims with prejudice pursuant to Rule 41(a)(2). Dkt. # 15. Defendant filed a response (Dkt. # 20) to plaintiff's motion, opposing plaintiff's request for dismissal, and requesting an award of fees and costs as a condition of dismissal should the Court grant plaintiff's Rule 41(a)(2) motion to dismiss. Id. Plaintiff filed a reply (Dkt. # 21).

**I.**

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). Unless a defendant can show "legal" prejudice from granting a plaintiff's request for voluntary dismissal, such requests

should ordinarily be granted. Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997). The Tenth Circuit has identified four non-exclusive factors that should be considered when reviewing a request for voluntary dismissal: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for dismissal; and the present stage of the litigation." Cty. of Santa Fe v. Pub. Serv. Co. of N.M., 311 F.3d 1031, 1048 (10th Cir. 2002). However, "[t]his list of factors 'is by no means exclusive,' and factors that are 'unique to the context of the case' must also be considered." Id. (quoting Ohlander, 114 F.3d at 1537). To ensure that "substantial justice is accorded to both parties," the Court must consider the "equities not only facing the defendant, but also those facing the plaintiff." Brown v. Baeke, 413 F.3d 1121, 1124 (10th Cir. 2005).

Applying the above factors to the instant case, the Court finds that defendant will not suffer legal prejudice if this case is dismissed with prejudice. First, the Court finds that defendant did not incur significant expense in preparing for trial prior to plaintiff filing her motion to dismiss. While defendant had expended some resources[1] by the time plaintiff filed her Rule 41(a)(2) motion, no motions had been filed, no depositions had occurred, no subpoenas had been issued, no documents had been produced to either side, and no discovery requests had been served on defendant. Thus, the Court finds that any expenses incurred by defendant were not significant.[2] Second, the Court

---

[1] Defendant argues that it expended resources by preparing to depose plaintiff and her husband on November 29, 2018, working on identifying individuals to testify as defendant's corporate counsel, and serving discovery requests on plaintiff.

[2] The Court also considers defendant's identity to be a relevant factor that is unique to the context of this case. Specifically, plaintiff's allegation that defendant files approximately 3,000 lawsuits per week suggests that defendant would not consider the expenses incurred in the present lawsuit to be substantial. See Dkt. # 21, at 2.

2

finds that there was not excessive delay or lack of diligence on the part of plaintiff. Although plaintiff's request for dismissal came one day before her deposition, the Court does not consider such delay to be excessive. The fact that plaintiff moved to dismiss at the first instance in which the litigation demanded an increased amount of plaintiff's time and resources to investigate the merits of her claims is some evidence that she did not delay unduly before seeking dismissal. Third, the Court finds that plaintiff's explanation for dismissal is sufficient. Plaintiff states that her desire to end the litigation is based on the time and stress involved in prosecuting a federal lawsuit, as well as the relatively small damages available under the FDCPA ($1,000 in statutory damages, plus actual damages). Plaintiff explains that she works part-time and is the mother and caregiver of four minor children, one of whom is autistic. Although defendant argues that the realities of the lawsuit have not changed since its filing, it is reasonable to assume that plaintiff's cost-benefit analysis of prosecuting the lawsuit has shifted as the litigation became more demanding of her time and resources. The fact that the costs of pursuing this litigation outweigh the potential benefits is a sufficient reason to terminate the litigation. Fourth, this case is not at an advanced stage, because discovery has not been completed, no dispositive motions have been filed, and the trial is still more than three months away. Therefore, the Court finds that the factors identified by the Tenth Circuit weigh in favor of finding that defendant will not suffer legal prejudice if this case is dismissed with prejudice.

Accordingly, plaintiff's motion to dismiss her claims with prejudice should be granted.

## II.

In light of the Court's finding that plaintiff's motion to dismiss her claims should be granted, the Court considers defendant's request for fees and costs as a condition of dismissal. When a

plaintiff dismisses an action with prejudice pursuant to Rule 41(a)(2), as here, attorney fees are "usually not a proper condition of dismissal because the defendant cannot be made to defend again." AeroTech, Inc. v. Estes, 110 F.3d 1523, 1528 (10th Cir. 1997). Therefore, a defendant "may not recover attorneys' fees when a plaintiff dismisses an action with prejudice[,] absent exceptional circumstances." Id. "An example of such a circumstance is 'when a litigant makes a repeated practice of bringing claims and then dismissing them with prejudice after inflicting substantial litigation costs on the opposing party and the judicial system.'" Steinert v. Winn Grp., Inc., 440 F.3d 1214, 1222 (10th Cir. 2006) (quoting AeroTech, Inc., 110 F.3d at 1528). Further, "because an award of such fees in also contrary to the American Rule, 'the underlying rationale for fee-shifting is punitive and the 'bad faith' is an essential element.'" Freymiller v. CMS Transp. Servs., Inc., No. 98-6190, 1998 WL 769846, at *2 (10th Cir. Oct. 29, 1998)[3] (quoting San Juan Prods., Inc. v. San Juan Pools of Kan., Inc., 849 F.2d 468, 476 (10th Cir. 1988)).

Defendant fails to allege that any exceptional circumstances exist as to warrant fee-shifting in this case. Rather, defendant argues that an award of fees and costs is "equitable." In support, defendant argues that plaintiff waited until the end of discovery to move to dismiss the case, that plaintiff took very few steps to prosecute this matter, and that plaintiff's reason for terminating the lawsuit–because she wants to avoid any additional resources and stress involved in prosecuting this lawsuit–should not come at defendant's expense. While these arguments are relevant to the Court's analysis of the factors for determining whether to grant plaintiff's motion to dismiss, they are not relevant to the Court's determination of whether "exceptional circumstances" exist as to warrant fee-

---

[3] This and other cited unpublished decisions are not precedential, but may be cited for their persuasive value. See FED. R. APP. P. 32.1; 10th Cir. R. 32.1.

shifting. Moreover, defendant does not allege, and the record does not reflect, any bad faith on the part of plaintiff. Therefore, the Court finds that exceptional circumstances do not exist as to warrant an award of fees and costs. Accordingly, defendant's request for an award of fees and costs should be denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion to dismiss her claims with prejudice (Dkt. # 15) is **granted**, and plaintiff's claims are **dismissed with prejudice**. A separate judgment of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that defendant's request for an award of fees and costs is **denied**.

**DATED** this 11th day of December, 2018.

*[signature: Claire V. Eagan]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE